**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| BELIZARIO OLIVERIO NAVARRO OROZCO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 9:26-cv-800-JDK |
| | § | |
| ALEXANDER SANCHEZ, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Belizario Oliverio Navarro Orozco's habeas petition under 28 U.S.C. § 2241. Docket No. 1. Petitioner previously filed a habeas petition that this Court dismissed on August 11, 2026. Because Navarro Orozco's second petition asserts claims that could have been raised in his first petition and relies essentially on the same arguments as his first petition, the Court finds that the second petition is an abuse of the writ of habeas corpus.

The Fifth Circuit has held that courts should dismiss a habeas petition as an "abuse of the writ" when a petitioner (1) "rais[ed] a claim in a subsequent petition that he could have raised in his first" or (2) "raise[d] the same claim a second time." *Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020). Here, Navarro Orozco asserts a Fifth Amendment claim regarding "access to the courts," Docket. No. 1 at 9, "that he could have raised in his first" petition, *Beras*, 978 F.3d at 252. And because Navarro Orozco's second petition re-states his argument for relief under the Fifth Amendment's Due Process Clause, he has essentially "raise[d] the same claim a

second time." *Id.* Therefore, his second petition is barred under the abuse-of-the-writ doctrine. *See, e.g.*, *Huynh v. Blanche*, 2026 WL 2386734, at *3 (N.D. Tex. Aug. 14, 2026) (finding that the petitioner's re-detention claim was covered by the abuse-of-the-writ doctrine). In any event, Petitioner's argument fails on the merits, because it is still foreclosed by the precedential stay order issued in *Sosnava Rodriguez v. Ortega*. 183 F.4th 387, 388 (5th Cir. 2026) (mem.) (en banc) (granting the government's request for a precedential order staying the district courts' judgments pending rehearing by the full Court regarding claimed due process violations).

Accordingly, the Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**. All pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **15th** day of **October, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE